SHAWN N. ANDERSON
United States Attorney
MIKEL W. SCHWAB
JESSICA F. WESSLING
Assistant U.S. Attorneys
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215
*Attorneys for the United States of America*

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>2008 BLACK MERCEDES BENZ G55, VIN NO. WDCYR71E58X175031, GUAM LICENSE PLATE NO. MG2342;<br><br>2015 SILVER LEXUS LX570, VIN NO. JTJHY7AX9F4179413, GUAM LICENSE PLATE NO. SR2865;<br><br>$22,510.60 IN U.S. CURRENCY SEIZED FROM COAST 360 FEDERAL CREDIT UNION BANK VALUE CHECKING ACCOUNT FOR ACCOUNTING NO. ENDING IN LAST FOUR DIGITS 4764, HELD IN THE NAMES OF RAYMOND J. MARTINEZ AND JUANITA MARIE Q. MOSER,<br><br>$9,016 IN U.S. CURRENCY,<br><br>$1,801 IN U.S. CURRENCY,<br><br>2013 YELLOW SUZUKI HAYABUSA GSX1300RAZL3, VIN NO. JS1GX72B3D2100292, and<br><br>LADY'S PLATINUM RING WITH ONE ROUND BRILLIANT CUT DIAMOND 2.95 CARATS (ESTIMATED),<br><br>Defendants. | CIVIL CASE NO. 19-00002<br><br>**VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 1

Plaintiff, United States of America, by its attorneys, Shawn N. Anderson, United States Attorney for the Districts of Guam and the Northern Mariana Islands, Jessica F. Wessling and Mikel W. Schwab, Assistant U.S. Attorneys, bring this complaint and allege as follows in accordance with Supplemental Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure (hereafter the "Supplemental Rules"):

## NATURE OF THE ACTION AND THE DEFENDANTS *IN REM*

1. The United States alleges the following upon information and belief for its claims against the above-captioned defendant properties for violations of 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 1981(a)(1)(A), 1956(a)(1)(B) and 1957.

## THE DEFENDANTS *IN REM*

2. The defendants *in rem* include the following:

   a. 2008 Black Mercedes Benz G55, VIN No. WDCYR71E58X175031, seized on June 6, 2015, bearing a Guam license plate number MG2342 and registered to Raymond J. Martinez ("Martinez") (hereafter "defendant Mercedes");

   b. 2015 Silver Lexus LX570, VIN No. JTJHY7AX9F4179413, seized on June 11, 2015, bearing Guam license plate number SR2865 and registered to Martinez and Juanita M. Quitugua Moser ("Moser") (hereafter "defendant Lexus");

   c. $22,510.60 in U.S. currency, which was seized on June 9, 2015, from the Coast 360 Federal Credit Union Bank Value Checking Account for the account ending in the last four digits 4764 under the names of Martinez and Moser (hereafter "defendant Coast360 funds");

   d. $9,016.00 in U.S. currency, which was seized on June 5, 2015, from the residence of Martinez and Moser on Gov. Carlos Camacho Road (hereafter "defendant $9,016");

   e. $1,801 in U.S. currency, which was seized on June 5, 2015, from the interior of a Toyota van located at Martinez and Moser's residence on Gov. Carlos Camacho Road (hereafter "defendant $1,801");

    f. 2013 Suzuki Hayabusa GSX1300RAZL3, VIN No. JS1GX72B3D2100292, registered in California to Martinez, which was seized on June 6, 2015, from the residence of Martinez and Moser on Belmont Avenue (hereafter "defendant Suzuki"); and

    g. Lady's platinum ring with one round brilliant cut diamond, 2.95 carats estimated, seized for forfeiture on July 14, 2015 (hereafter "defendant diamond ring")

(hereafter collectively referred to as "defendant properties"). The defendant Lexus is currently in the custody of the U.S. Drug Enforcement Agency ("DEA"). The remaining defendant properties are currently in the custody of the U.S. Department of Homeland Security ("HSI"), Customs and Border Protection ("CBP"). All of the defendant properties were seized on land in the District of Guam.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to forfeit and condemn the defendant properties. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

4. This Court has *in rem* jurisdiction over the defendant properties under 28 U.S.C. § 1355(b)(1).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395 and 21 U.S.C. § 881(j).

## BASIS FOR FORFEITURE

6. The defendant properties are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), as moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of Subchapter I, Chapter 13 of Title 21, United States Code; as proceeds traceable to such an

exchange; and/or as moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Subchapter I, Chapter 13 of Title 21, United States Code. The defendant Mercedes, defendant Lexus, defendant Coast360 funds, defendant $9,016, defendant $1,801, defendant Suzuki and defendant diamond ring are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) as personal property involved in a transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 1957.

## FACTS

7. From approximately 2013 to 2015, Raymond J. Martinez (hereafter "Martinez") and Juanita M. Quitugua Moser (hereafter "Moser") engaged in the trafficking of narcotics, including crystal methamphetamine ("methamphetamine") and marijuana. During this time, Martinez and Moser reported no income to the Guam Department of Revenue and Taxation or the Internal Revenue Service, nor were they gainfully employed.

8. On or about July 9, 2014, Transportation Security Administration ("TSA") contacted HSI, CBP and the Bulk Cash Smuggling Center in connection with suspicious financial activity of Martinez. Martinez presented at TSA at Guam International Airport ("GIA") and reported he was carrying $50,000 in U.S. currency, but did not file a FinCen Form 105 with a CBP officer. TSA permitted Martinez to continue his travel to Japan, with a final destination of Los Angeles, California. As a result of this encounter, HSI on Guam commenced a financial investigation of Martinez.

9. Upon arriving at the Los Angeles International Airport ("LAX"), CBP conducted a secondary search of Martinez and his party, which included Moser, Moser's mother Genedine Q. Moser, Martinez's adult child, and Moser's minor child. The secondary search revealed that Martinez was actually carrying $100,000 in U.S. currency, not $50,000 as he reported to TSA on Guam. Martinez completed a FinCen Form 105 at this time. At secondary inspection, Martinez

claimed that he worked for Calvo's Insurance Company and that he imported, restored, and sold vehicles. Martinez also claimed that he had recently sold a 2006 Hummer for $100,000 cash and that he had planned to bring a Mercedes Benz Sports Utility Vehicle ("SUV") to Guam. Martinez provided suspicious information regarding his alleged employment at Calvo's Insurance Company and the details of his purchase and resale of the Hummer. Subsequently, HSI discovered information indicating that Martinez may not have actually sold the 2006 Hummer for $100,000.

10. Early in its investigation, HSI received information that Martinez and Moser, though both unemployed, enjoyed a lavish lifestyle, were involved in an indoor marijuana grow operation and were associated with a Guam drug trafficking organization that distributes methamphetamine in southern Guam.

11. HSI also discovered, through its investigation, that in 2013, Martinez and Moser had purchased ten (10) pounds of methamphetamine from their source in California. Martinez and Moser directed Martinez's cousin in California to sell the methamphetamine.

12. A portion of the money Martinez and Moser obtained from selling the ten pounds of methamphetamine was used during the July 2014 trip to California to purchase the defendant Mercedes from Eurocar in Costa Mesa, California. During this trip, Martinez also purchased a 2013 Suzuki Hayabusa GSX1300 motorcycle (defendant Suzuki) and a 2014 Suzuki Hayabusa GSX1300 from Motorini Inc. in Inglewood, California. Martinez purchased the defendant Mercedes for $79,888, with a $20,000 cash deposit (with remaining balance due in three weeks) and the two motorcycles were purchased for $12,000 and $13,000 respectively. The defendant Mercedes and defendant Suzuki were transported to Guam by Triple B Forwarders and later seized by HSI during the execution of a search warrant of Martinez's and Moser's homes the following year.

13. On July 25, 2014, HSI conducted an outbound examination on Martinez and his party, including Moser, Moser's mother, Martinez's adult child and Moser's minor child. The examination produced documents, including records relating to the purchase of the defendant Mercedes, the two Suzuki Hayabusa GSX1300 motorcyles, and documentation showing that Martinez and Moser stayed in a rented vacation home in San Diego, California at $400 a night. Records indicate that Martinez, Moser, and their party traveled roundtrip between Guam and Los Angeles, California, in business class with the tickets totaling $15,493.29.

14. On September 19, 2014, Martinez and two males traveled from Guam to the Philippines. A CBP inspection at the Guam airport of the three males revealed that they were traveling with a total of $24,650 cash, with each male carrying just under the $10,000 FinCen reporting requirement.

15. On or about December 3, 2014, Martinez and Moser traveled again to Los Angeles, California. On or about December 8, 2014, Martinez withdrew $15,005 from a Coast360 Value Checking Account (for account ending in 4764) that he shares with Moser and converted the funds into a $15,000 cashier's check at SCE Federal Credit Union. On or about December 9, 2014, Martinez purchased for Moser a diamond ring, described as 2.14 carats in the diamond analysis report that was included with a receipt showing that $22,000 was paid in cash.[1] Moser then mailed the cashier's check and documents pertaining to the diamond ring purchase (including a receipt showing the alleged weight of the diamond) via FedEx to Guam, and the package, which was addressed to Martinez, arrived on December 14, 2014 – two days after their return to Guam.

16. On April 10, 2015, Martinez and Moser purchased the defendant Lexus from the Atkins

---

[1] An independent appraisal of the diamond ring after it was seized described the ring as a 2.95 carat (estimated) diamond ring.

Kroll dealership on Guam. Initially, Martinez approached a friend, Carlo Dela Cruz ("Dela Cruz"), to purchase the Lexus for him under the guise that Dela Cruz's assistance was needed because he knew more about cars. At Martinez's instruction, Dela Cruz picked up a shopping bag containing $50,000 in cash from Martinez's father, Raymond Antonio Martinez. Upon hearing that Martinez was being monitored and that the money could be drug money, Dela Cruz declined to purchase the car in his own name and attempted to return the money. Upon request by Martinez's father to be reimbursed with checks, Dela Cruz gave Martinez's father two checks in the amount of $25,000 on two successive occasions. After the failed attempt to have Dela Cruz purchase the car, Martinez and Moser bought the defendant Lexus themselves for a total of $81,914, of which $75,000 was paid with a cashier's check. HSI traced the source of the $75,000 cashier's check. It originated from a personal checking account under Martinez's father name at Bank of Guam, an account ending in 2483 - the same checking account where the two $25,000 checks from Carlo Dela Cruz were deposited.

17. In early May 2015, Henry Alvendia ("Alvendia"), a personal friend of Martinez and Moser and a then-Guam Customs and Quarantine Agency officer, began cooperating in HSI's investigation. Alvendia reported via interview that in 2013, Martinez and Moser invited him to their home and talked to him about bringing drug-loaded vehicles into Guam. Martinez and Moser inquired about the best ways to conceal drugs in vehicles and offered Alvendia a percentage and a vehicle for assisting with the drug smuggling scheme.

18. Alvendia also reported that sometime in mid-2014, Martinez and Moser contacted Alvendia to inquire about the regulations concerning the transportation of money in and out of Guam. Alvendia advised them to bring supporting documentation for the money when traveling.

19. Alvendia established contact with the defendants on or about May 1, 2015, and met with them the following day. They discussed the best way to transport drugs into Guam, including

concealing them in shipped vehicles or disguising them in water softener buckets, and how to prevent detection by Guam Customs and Quarantine Agency's x-ray machine. They discussed that Karleen Harker, Martinez's mother in California, introduced them to their drug supplier in California. They also discussed how Martinez had contacts in Mexico who advised him how to smuggle drugs in vehicles. Martinez and Moser told Alvendia that they still had $80,000 in California from a previous transaction in which Martinez's cousin sold the drugs. They discussed how much methamphetamine could be purchased with $80,000 (at least 10-12 pounds). They agreed to continue planning how to smuggle methamphetamine into Guam.

20. On May 5, 2015, Martinez and Moser met with Alvendia and discussed in detail how to smuggle in the methamphetamine from California to Guam using five-pound water softener buckets to conceal the drugs, under the cover story that Alvendia was building a Jacuzzi. They discussed their respective roles in the scheme (including Martinez's role to pack the methamphetamine in the buckets), Martinez's and Moser's travel dates to California to purchase the methamphetamine, how to communicate with each other, and Alvendia's compensation for his part in the scheme.

21. On May 12, 2015, Martinez and Moser met with Alvendia again to further discuss the details of the drug smuggling plan. Specifically, they discussed where to buy the water softener buckets, and other Jacuzzi-related items needed to disguise the drugs, the fake labels to be used on the buckets, how much methamphetamine would be transported, when to meet in California (June 4, 2015), where Martinez and Moser would be in California, how to communicate using burner phones (pre-paid mobile phones that are easily disposed and are not linked to a specified user), and how to ship the water softener buckets and Jacuzzi equipment to Guam using Triple B Forwarders. They also discussed Alvendia transporting $15,000 in cash from Guam to California to give to Martinez and Moser for the methamphetamine purchase.

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 8

Case 1:19-cv-00002   Document 1   Filed 01/25/19   Page 8 of 17

22. Martinez and Moser met again with Alvendia on May 22, 2015, to discuss the details of the plan to smuggle methamphetamine into Guam. Martinez gave Alvendia an envelope containing $15,000 cash, cleaned with Lysol spray, for Alvendia to transport to California and give back to Martinez and Moser for purchase of the drugs. They also discussed the purchase of six pounds of methamphetamine, which Martinez and Moser would split with Alvendia and help him sell.

23. Martinez and Moser continued to communicate with Alvendia on their burner phones leading up to June 4, 2015 - the day they would meet in California. Moser also clarified that they had already purchased seven pounds of methamphetamine (not six).

24. On June 4, 2015, on the way to meet Alvendia to make the exchange of money and methamphetamine concealed in water softener buckets, Martinez and Moser were pulled over for a traffic stop by the Torrance Police Department patrol. The police officers searched the vehicle of Martinez and Moser and found a bucket of Morton System Saver water softening pellets behind the driver's seat. Officers also found a second bucket of Morton System Saver water softening pellets between the two middle bucket seats of the vehicle. Inside each of the buckets was Morton Rock Salt concealing a heat-sealed bag containing methamphetamine. Martinez and Moser were arrested, and a lady's ring, estimated at 2.95 carats in weight (defendant diamond ring), was collected as personal property and later sent to HSI in Guam for seizure on July 14, 2015.

25. On June 5, 2015, a search and seizure warrant was issued by U.S. Magistrate Judge Joaquin Manibusan, Jr., permitting the search of the Martinez's and Moser's residence on Gov. Carlos Camacho Road ("Camacho residence"). Later that same day, Judge Manibusan issued a search and seizure warrant permitting the search of the Martinez's and Moser's residence on Belmont Avenue ("Belmont residence").

26. In the Camacho residence, the agents executing the search and seizure warrant discovered multiple bundles and bags of money concealed throughout the house and in the vehicles in heat-sealed plastic bags, purses, zip lock bags, shopping bags and under a mattress. In total, $9,016 was seized from inside Martinez's and Moser's Camacho residence (constituting defendant $9,016) and $1,801 was seized from inside vehicles located at the Camacho residence (constituting defendant $1,801).

27. The search of the Camacho residence also resulted in the discovery and seizure of other items, including but not limited to an all-terrain vehicle, 16 cell phones, four hard drives, six laptops, keys for four vehicles, five handguns and ammunition, indoor marijuana grow equipment, books on how to grow marijuana and how to deal with police, a zip lock bag of 46 valium pills, a bottle of Vicodin, and records of vehicles purchased under the names of Martinez, Moser and the names of third parties.

28. In the search of Martinez's and Moser's Belmont residence, the agents found and seized the defendant Suzuki, indoor marijuana grow equipment, a bag of marijuana leaves, three bags of marijuana seeds, an all-terrain vehicle, and a laptop, among other items.

29. On June 9, 2015, HSI executed a seizure warrant to seize up to $50,796.10 in cash from Martinez's and Moser's Coast360 checking account ending in 4764. Execution of the seizure warrant resulted in the seizure of $22,510.60, which constitutes the defendant Coast360 funds. Records supplied by Coast360 show that from 2014 to 2015, multiple large deposits and checks ranging up to $30,000 were deposited into Martinez's and Moser's checking account, including several checks issued to Martinez personally.

30. HSI's investigation of the Coast360 Value Checking Account for the account ending in 4764 revealed a $21,000 cashier's check deposited into the account on November 13, 2014. These funds were traceable to the sale of a 2010 Lexus RX350 by Martinez to Richard

VERIFIED COMPLAINT
FOR FORFEITURE *IN REM*
PAGE - 10
Case 1:19-cv-00002 Document 1 Filed 01/25/19 Page 10 of 17

Tareyama. HSI agents determined that Martinez initially purchased the 2010 Lexus RX350, VIN number JTJBK1BA6A2005401, from Kingdom Used Car owner Bong Ho Go on November 18, 2013. HSI's interview of Mr. Go revealed that Martinez purchased the Lexus RX350 for $29,000 in cash. Mr. Go reported that Martinez appeared at the dealership with a paper/shopping bag of cash consisting of $20, $50, and $100 bills that were wrapped in rubber bands. Mr. Go noted that at least $10,000 of the cash was in $20 denominations. Shortly after the purchase, Martinez sold the 2010 Lexus RX350 to Richard Tareyama for $21,000, incurring a loss of $8,000.

31. On June 11, 2015, Calvo's Insurance reported that there was no record of Martinez having been employed at the company.

32. On June 10, 2015, Martinez and Moser were indicted in the District Court of Guam resulting in charges of conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine and conspiracy to commit money laundering. The criminal case resulted in two mistrials. Martinez and Moser were indicted by the U.S. Attorney's Office for the Southern District of California on December 21, 2018, and charged with possession with intent to distribute methamphetamine.

### FIRST CLAIM FOR RELIEF – DEFENDANT MERCEDES
### [21 U.S.C. § 881(a)(6)]

33. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

34. The defendant Mercedes funds constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

35. As a result of the foregoing, the defendant Mercedes, is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF – DEFENDANT MERCEDES
### [18 U.S.C. § 981(a)(1)(A)]

36. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

37. 18 U.S.C. § 981(a)(1)(A) provides for forfeiture of all property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957 of this title, or any property traceable to such property.

38. As set forth above, the defendant Mercedes was involved in financial transactions in violation of 18 U.S.C. § 1956(a)(1)(B) and 1957 and are therefore subject to forfeiture.

## THIRD CLAIM FOR RELIEF – DEFENDANT LEXUS
### [21 U.S.C. § 881(a)(6)]

39. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

40. The defendant Lexus funds constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq.*

41. As a result of the foregoing, the defendant Lexus is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## FOURTH CLAIM FOR RELIEF – DEFENDANT LEXUS
### [18 U.S.C. § 981(a)(1)(A)]

42. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

43. 18 U.S.C. § 981(a)(1)(A) provides for forfeiture of all property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957 of this title, or any property traceable to such property.

44. As set forth above, the defendant Lexus was involved in financial transactions in violation of 18 U.S.C. § 1956(a)(1)(B) and 1957 and is therefore subject to forfeiture.

## FIFTH CLAIM FOR RELIEF – DEFENDANT COAST360 FUNDS
### [21 U.S.C. § 881(a)(6)]

45. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

46. The defendant Coast360 funds constitute moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

47. As a result of the foregoing, the defendant Coast360 funds is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## SIXTH CLAIM FOR RELIEF – DEFENDANT COAST360 FUNDS
### [18 U.S.C. § 981(a)(1)(A)]

48. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

49. 18 U.S.C. § 981(a)(1)(A) provides for forfeiture of all property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957 of this title, or any property traceable to such property.

50. As set forth above, the defendant Coast360 funds was involved in financial transactions in violation of 18 U.S.C. § 1956(a)(1)(B) and 1957 and are therefore subject to forfeiture.

\\

## SEVENTH CLAIM FOR RELIEF – DEFENDANT $9,016 IN U.S. CURRENCY
**[21 U.S.C. § 881(a)(6)]**

51. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

52. The defendant $9,016 constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

53. As a result of the foregoing, the defendant $9,016 is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## EIGHTH CLAIM FOR RELIEF – DEFENDANT $1,801 IN U.S. CURRENCY
**[21 U.S.C. § 881(a)(6)]**

54. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

55. The defendant $1,801 constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

56. As a result of the foregoing, the defendant $1,801 is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

## NINTH CLAIM FOR RELIEF – DEFENDANT SUZUKI
**[21 U.S.C. § 881(a)(6)]**

57. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

58. The defendant Suzuki constitutes moneys or other things of value furnished or

intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

59. As a result of the foregoing, the defendant Suzuki is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

### TENTH CLAIM FOR RELIEF – DEFENDANT SUZUKI
### [18 U.S.C. § 981(a)(1)(A)]

60. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

61. 18 U.S.C. § 981(a)(1)(A) provides for forfeiture of all property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957 of this title, or any property traceable to such property.

62. As set forth above, the defendant Suzuki was involved in financial transactions in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 1957 and are therefore subject to forfeiture.

### ELEVENTH CLAIM FOR RELIEF – DEFENDANT DIAMOND RING
### [21 U.S.C. § 881(a)(6)]

63. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

64. The defendant diamond ring constitutes moneys or other things of value furnished or intended to be furnished in exchange for a controlled substance, all proceeds traceable to such an exchange and/or were used or intended to be used to facilitate one or more violations of 21 U.S.C. § 841 *et seq*.

65. As a result of the foregoing, the defendant diamond ring is subject to forfeiture to the United States in accordance with 21 U.S.C. § 881(a)(6).

\\

## **TWELFTH CLAIM FOR RELIEF – DEFENDANT DIAMOND RING**
## [18 U.S.C. § 981(a)(1)(A)]

66. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

67. 18 U.S.C. § 981(a)(1)(A) provides for forfeiture of all property, real or personal, involved in a transaction in violation of 18 U.S.C. §§ 1956 and 1957 of this title, or any property traceable to such property.

68. As set forth above, the defendant diamond ring was involved in financial transactions in violation of 18 U.S.C. §§ 1956(a)(1)(B) and 1957 and is therefore subject to forfeiture.

WHEREFORE, the plaintiff United States of America prays that a warrant *in rem* be issued for the arrest of the defendant properties and that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant properties be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursement of this action.

RESPECTFULLY SUBMITTED this 25th day of January, 2019.

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the NMI


By: */s/ Mikel W. Schwab*
JESSICA F. WESSLING
MIKEL W. SCHWAB
Assistant U.S. Attorneys

## VERIFICATION

I, Special Agent Erfel O. Matanguihan, hereby verify and declare under penalty of perjury that I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations, that I have read the foregoing Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except for those matters herein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

DATED this 25th day of January, 2019.

_____
ERFEL O. MATANGUIHAN
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
2008 BLACK MERCEDES BENZ G55, VIN NO. WDCYR71E58X175031, GUAM LICENSE PLATE NO. MG2342, et al. (See Attachment A for a full list of defendants)

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Mikel W. Schwab and AUSA Jessica F. Wessling, 108 Hernan Cortez Ave Ste 500, Hagatna, Guam 96910, 671-472-7332

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question *(U.S. Government Not a Party)*
[ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 1981(a)(1)(A), 1956(a)(1)(B) and 1957
Brief description of cause:
Drug related civil forfeiture

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE Honorable Frances Tydingco-Gatewood
DOCKET NUMBER 1:19-CV-00002

DATE: 01/25/2019
SIGNATURE OF ATTORNEY OF RECORD: /s/ Mikel W. Schwab

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

# Attachment A

*Full List of Defendants*

2008 BLACK MERCEDES BENZ G55, VIN NO. WDCYR71E58X175031, GUAM LICENSE PLATE NO. MG2342;

2015 SILVER LEXUS LX570, VIN NO. JTJHY7AX9F4179413, GUAM LICENSE PLATE NO. SR2865;

$22,510.60 IN U.S. CURRENCY SEIZED FROM COAST 360 FEDERAL CREDIT UNION BANK VALUE CHECKING ACCOUNT FOR ACCOUNTING NO. ENDING IN LAST FOUR DIGITS 4764, HELD IN THE NAMES OF RAYMOND J. MARTINEZ AND JUANITA MARIE Q. MOSER,

$9,016 IN U.S. CURRENCY,

$1,801 IN U.S. CURRENCY,

2013 YELLOW SUZUKI HAYABUSA GSX1300RAZL3, VIN NO. JS1GX72B3D2100292, and

LADY'S PLATINUM RING WITH ONE ROUND BRILLIANT CUT DIAMOND 2.95 CARATS (ESTIMATED).